# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Roger V. Heim and | ) | Bankruptcy No. 22-60049-can7 |
| Ashley R. Heim, | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |
| Town & Country Bank, | ) | Adversary No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Roger V. Heim, | ) | |
| | ) | |
| Defendant. | ) | |

## TOWN & COUNTRY BANK'S COMPLAINT OBJECTING
## TO THE DISCHARGEABILITY OF A CERTAIN DEBT
## OF THE DEBTOR, ROGER V. HEIM

COMES NOW Plaintiff, Town & Country Bank (hereinafter "Bank"), by and through its attorneys of record and for its Complaint Objecting to the Dischargeability of a Debt of Roger V. Heim to Bank pursuant to 11 U.S.C. §§ 523(a)(2); 523(a)(4); and 523(a)(6), and states to the Court as follows:

### PARTIES:

1. Plaintiff, Town & Country Bank, is a Missouri Banking Corporation, duly organized and existing under the laws of the State of Missouri with its principal place of business at 910 N. Main Street, Mountain Grove, Missouri.

2. Debtor, Roger V. Heim, is an individual residing at 1440 Road 23, Hugoton, Kansas 67951.

1

3. At all times relevant herein, Roger V. Heim operated a farming operation in Texas County, Missouri.

4. On February 6, 2022, Debtors filed their Voluntary Chapter 7 Bankruptcy proceeding.

5. This is an action to determine the dischargeability of a particular debt under 11 U.S.C. §§ 523(a)(2); 523(a)(4); and 523(a)(6).

6. The Court has jurisdiction under 28 U.S.C. § 157(a) and § 1334.

7. This is a Core proceeding under 28 U.S.C. § 157(b)(2) and (I).

8. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## GENERAL ALLEGATIONS:

9. Bank is the holder of multiple Promissory Notes with a balance, as of the date of filing bankruptcy, of $26,582.99.

10. Plaintiff is the holder of Note #2150 in the original amount of $66,800.00, dated November 28, 2014, and signed by Roger V. Heim. A copy of the Note is attached as *Exhibit "A"* and made a part hereof by this reference.

11. Bank is the holder of a Promissory Note #2181 in the original amount of $7,500.00, dated May 27, 2014, attached hereto as *Exhibit "B"* and made a part hereof by this reference. Said Note was signed by Roger V. Heim.

12. Bank is the holder of a Promissory Note #2184 in the original principal amount of $31,486.43, dated June 5, 2015, attached hereto as *Exhibit "C"* and made a part hereof by this reference. Debtor signed the Promissory Note in favor of Bank.

2

13. Bank is the holder of a Promissory Note #2185 in the original principal amount of $18,000.00, dated June 24, 2015, and signed by the Debtor and attached hereto as *Exhibit "D"* and made a part hereof by this reference.

14. The debt was originally secured by multiple Security Agreements, copies of which are attached hereto as cumulative *Exhibit "E"* and made a part hereof by this reference. The Security Agreements pledged all farm products, including cattle and equipment.

15. The Bank perfected its interest with respect to the personal property by filing a UCC-1 Statement, a copy of which is attached as *Exhibit "F"* and made a part hereof by this reference.

16. The Collateral Security Agreements specifically contained language indicating that Roger Heim would hold any proceeds, from Bank collateral, in trust and for the benefit of Bank until the debts owing to Bank were paid in full.

17. The promissory notes of Bank from Heim were also secured by a deed of trust in certain real estate in Texas County, Missouri.

18. The loans went into default and Bank issued notice of foreclosure.

19. The real estate was foreclosed and a deficiency balance of $26,582.99 resulted which existed as of the date of bankruptcy filing. The Bank has filed an unsecured Proof of Claim with respect to that deficiency balance of the Debtor Roger Heim.

20. Prior to the filing of bankruptcy, the Debtor disposed of cattle and machinery without the Bank's consent. The value of the cattle and machinery was in excess of the value of the deficiency of $26,582.99.

## COUNT I

## NON-DISCHARGEABILITY - FRAUDULENT REPRESENTATION

21. Bank restates and incorporates by reference the allegations of paragraphs 1 through 20 as if fully set forth here.

22. Debtor entered into the Security Agreements attached as Exhibit E and pursuant to those Security Agreements, granted Bank the right in the proceeds of the disposition of farm products including cattle and equipment.

23. Debtor indicated that he would hold any proceeds from liquidation of the collateral at the time of the loan and thereafter, in trust for Bank until the debt was paid in full.

24. Debtor represented that he would not dispose of any collateral without the express consent of the Bank.

25. Debtor further represented to Bank that there were sufficient cattle and farm equipment to fully collateralize the loans.

26. The representations were made by Debtor with the intent that Bank rely upon them so that the loans were not demanded and were renewed or extended.

27. Debtor liquidated cattle and retained the proceeds to the exclusion of turning those over to the Bank.

28. The representations as to not liquidating collateral, sufficient cattle and equipment to cover the debt and retaining proceeds for Bank were untrue during the loan or any extension and each time the Debtor sold the collateral without consent and failed to turn over proceeds. The Debtor had a continuing obligation when proceeds were in his possession to hold for Bank.

29. Debtor knew the representations were false and used the proceeds for his own benefit.

30. The representations were material in making the loans, in continuing the loans, and extending the loans.

25459-037/1304581

31. Bank relied upon the representations in renewing the loan and in not demanding the notes when collateral was sold.

32. The Bank has been damaged by the Debtor in selling the collateral and failing to turn over proceeds in that the Bank is now unsecured and has a deficiency balance of $26,582.99.

33. Bank is entitled to its attorney fees pursuant to its loan documents.

34. Based upon the fraud and misrepresentation of the Debtor with respect to use of proceeds after liquidation of collateral pledged to Bank, the Debtor has violated the provisions of 11 U.S.C. § 523(a)(2) because the deficiency balance of $26,582.99 is a result of a debt for money, property and an extension of credit obtained by false pretenses, a false representation and fraud by the Debtor as noted above.

WHEREFORE, Bank prays for a Judgment against the Debtor, Roger V. Heim, declaring that the debt of $26,582.99 is non-dischargeable pursuant to 523(a)(2)(A) as a debt obtained by false pretenses, a false representation and the actual fraud of Roger Heim and that the Court grant a money judgment for that sum, plus interest at the contract rate and all attorney fees and costs and for such other and further relief as the Court deems just in the premises.

## COUNT II

### FRAUD WHILE ACTING IN A FIDUCIARY CAPACITY

COMES NOW Bank, and for Count II of its Complaint for Non-dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(4) for fraud or defalcation while acting in a fiduciary capacity, states to the Court as follows:

35. Bank restates and reasserts each and every allegation set forth in paragraphs 1 through 34 as if fully set forth here.

36. Debtor provided Security Agreements to the Bank wherein the Debtor indicated that he would not dispose of collateral of Bank without permission, he held monies from the sale of collateral pledged to Bank in trust on behalf of Bank until Bank was paid and that there was sufficient collateral to fully collateralize the obligations of Debtor to Bank.

37. The representations were made to Bank with the intent that the Bank rely upon the representations so that the loans would not be called and renewed and refinanced.

38. Those representations were false during the continuing obligations to Bank, at the time of renewals and at the time of refinancing and extensions.

39. The representations were material to the continuation of the loans from Bank to Debtor.

40. Bank relied upon the representations by not demanding payment.

41. Debtor sold cattle and machinery out of trust, retained the proceeds for his personal benefit, and failed to turn over the collateral proceeds to Bank.

42. The actions of the Debtor are in violation of his trust relationship to Bank as provided for in the Security Agreements set out as Exhibit "E".

43. Because of the language in the Security Agreements, Debtor had a trust relationship with the Bank and held any proceeds in the collateral for the benefit of Bank.

44. Debtor is in violation of 11 U.S.C. § 523(a)(4) in that he has failed and refused to turn over proceeds while in a fiduciary relationship with Bank and the debt to Bank arose because of the fraud or defalcation of Debtor while acting in a fiduciary capacity to Bank and by way of embezzlement or larceny.

45. Bank has been damaged in the amount of $26,582.99.

46. The loan documents provide for attorney fees.

WHEREFORE, Bank prays for a Judgment of the Court declaring that the amount of $26,582.99 is non-dischargeable under 11 U.S.C. § 523(a)(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny, that the Bank is entitled to a money judgment of $26,582.99, interest at the judgment rate until paid, for its attorney fees in this matter, and all court costs, and such other and further relief as the Court deems just in the premises.

## COUNT III

## WILLFUL AND MALICIOUS INJURY

COMES NOW Bank, by and through its attorney of record, and for Count III of its Complaint under 11 U.S.C. § 523(a)(6) for a debt for willful and malicious injury by the debtor to the property of Bank, states to the Court as follows:

47. Bank restates and realleges all of the allegations of paragraphs 1-46 as if fully stated here.

48. Debtor provided Security Agreements to the Bank (See Exhibit "E") wherein the Debtor indicated that he would not dispose of collateral of Bank without permission, he held monies from the sale of collateral pledged to Bank in trust on behalf of Bank until Bank was paid and that there was sufficient collateral to fully collateralize the obligations of Debtor to Bank.

49. The representations were made to Bank with the intent that the Bank rely upon the representations so that the loans would not be called and the loans renewed and refinanced.

50. Those representations were false during the continuing obligations to Bank, at the time of renewals and at the time of refinancings and extensions.

51. Bank relied upon the representations by not demanding payment.

52. Debtor sold cattle and machinery out of trust, retained the proceeds for his personal benefit, and failed to turn over the collateral proceeds to Bank.

53. The actions of the Debtor are in violation of his trust relationship to Bank as provided for in the Security Agreements set out as Exhibit "E".

54. Because of the language in the Security Agreements, Debtor had a trust relationship with the Bank and held any proceeds in the collateral for the benefit of Bank.

55. Debtor knew of his obligations to Bank to not sell collateral without permission and to turnover proceeds if sold, yet willfully disposed of Bank's collateral and retained the proceeds for himself to the exclusion of Bank so that Bank has become an unsecured creditor as of the date of Bankruptcy.

56. The actions of Debtor in disposing of Bank collateral without turning over proceeds and his deception in selling without approval or knowledge of Bank shows the Debtor's malicious intent with total disregard for the secured interest of Bank.

57. Bank has been damaged in the amount of $26,582.99.

58. Bank is entitled to attorney fees under the loan documents.

59. Debtor is in violation of 11 U.S.C. § 523(a)(6) in that he willfully and maliciously injured the Bank by selling secured collateral without permission, surreptitiously and failed to turn over the proceeds to Bank rendering the Bank unsecured in the amount of $26,582.99.

WHEREFORE, Bank prays for a Judgment of the Court declaring that the amount of $26,582.99 is non-dischargeable under 11 U.S.C. § 523(a)(6) for the willful and malicious injury by Roger Heim to the collateral of Bank, that the Bank is entitled to a money judgment of $26,582.99, for interest at the judgment rate, for its attorney fees in this matter, and all court costs, and such other and further relief as the Court deems just in the premises.

25459-037/1304581

LOWTHER JOHNSON, LLC

By: /s/ Lee J. Viorel
Lee J. Viorel, #36886
901 St. Louis Street, 20th Floor
Springfield, MO  65806
Office: (417) 866-7777
Fax No: (417) 866-1752
Email: lviorel@lowtherjohnson.com

*Attorneys for Creditor, Plaintiff
Town & Country Bank*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served by electronic notice or by United States Mail, First Class postage prepaid, this 13th day of June, 2022, to:

| | |
|---|---|
| *Attorney for Debtor* <br> Patrick W. Rodery <br> 925 N Main St <br> Mountain Grove, MO 65711 <br> roderyatty@centurytel.net | *Trustee* <br> J. Kevin Checkett <br> P.O. Box 409 <br> Carthage, MO 64836 <br> Email: mo01@ecfcbis.com |
| Roger V. Heim <br> 1440 Road 23 <br> Hugoton, KS 67951 <br> *Via U.S. Mail, Postage Prepaid* | Ashley R. Heim <br> 1440 Road 23 <br> Hugoton, KS 67951 <br> *Via U.S. Mail, Postage Prepaid* |

/s/ Lee J. Viorel
Lee J. Viorel, MO Bar No. 36886

9